726 P.2d 619

John C. FIERO, Plaintiff/Appellant,

v.

SOUTHERN PACIFIC TRANSPORTATION COMPANY, a Delaware corporation, Defendant/Appellee.

No. 2 CA–CIV 5433.

Court of Appeals of Arizona, Division 2, Department B.

June 4, 1986.

Review Denied Sept. 30, 1986.

Davis, Siegel & Gugino, P.C. by Barry M. Davis, Tucson, for plaintiff/appellant.

Tower, Byrne & Beaugureau, P.C. by David L. Beaugureau, Phoenix, for defendant/appellee.

## OPINION

LIVERMORE, Presiding Judge.

Plaintiff, John Fiero, appeals the trial court's entry of a directed verdict in favor of defendant, Southern Pacific Transportation Company, which removed from jury consideration his personal injury complaint brought pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51, et seq. On the current record, fair-minded men could have reasonably concluded that defendant's negligence played some part in producing plaintiff's injury. See *Rogers v. Missouri Pacific Railroad Co.*, 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957). Accordingly, we reverse.

It is well established that an action brought under FELA must go to the jury if there is any probative evidence to support a finding of even the slightest negligence on the part of the employer. *Caillouette v. Baltimore & Ohio Chicago Terminal Railroad Co.*, 705 F.2d 243 (7th Cir.1983). The evidence in this case reveals that on December 20, 1980, at approximately 10:30 p.m., Fiero, a hostler for Southern Pacific, struck his foot on a large scrap of metal while boarding a switch engine. Because his working rules require that he use both hands to hold the rail while boarding, Fiero had placed his flashlight in his pocket. The yard was not well lit, and Fiero did not see the scrap iron until after the accident. He sustained a chipped bone which required corrective surgery. In his claim for lost wages, medical expenses and other costs incurred, Fiero alleges that the accident was directly and proximately caused by defendant's negligent failure to properly light the yard and keep it free from debris.

Southern Pacific had a duty to provide a reasonably safe place of work. *Matthews v. Southern Pacific Co.*, 15 Cal.App.2d 36, 59 P.2d 220 (1936). Both Southern Pacific and the Arizona Corporation Commission have rules codifying that duty as it pertains to the maintenance of walkways. See Rule M–854, Southern Pacific Transportation Company; Rule 14–5–405(I)(b), Arizona Corporation Commission. Pathways must be kept clear of debris which might "interfere with the footing of railroad employees."

■ The rules cited indicate the foreseeability of the risk resulting from littered walkways. Consequently, we do not agree with defendant's assertion that it cannot be liable for injury resulting from the presence of a foreign object in a walkway unless it first had actual or constructive notice of the object's presence and a sufficient opportunity to remove it. That rule, given the evidence that such debris is not uncommonly thrown from passing trains, would reward ignorance. The issue, rather, is whether given Southern Pacific's knowledge of risk, it took adequate precautions to avoid injury. The gravamen of Fiero's complaint is that it did not. The inspectors had other primary duties; yard clean-up was secondary. They were able to check a given area only once every two or four days. Refuse piles were so widely spaced as to make the collection of debris impracticable. Lighting was inadequate to allow employees to avoid debris. With that evidence, Fiero raised a jury question whether the precautions taken were those a reasonably prudent railroad would have implemented in face of the known danger.

The order of the trial court is reversed and the case remanded for further proceedings.

BIRDSALL and HOWARD, JJ., concur.